## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**OAKRIDGE CONSULTING, INC., ET AL.**                                    **APPELLANTS**


**V.**                                    **CIVIL ACTION NO. 1:04CV834 LTS-JMR**


**VINCENT ALMERICO**                                    **APPELLEE**


## <u>MEMORANDUM OPINION</u>

        This is an appeal from a decision of the bankruptcy court under 28 U.S.C. §158(a).  For the reasons set out below, I will affirm the decision made by the bankruptcy court.

        This appeal involves a dispute over $254,980.81 that Appellee Vincent Almerico (Almerico) received on July 21, 2000.  This sum was paid to Almerico as net deferred compensation following his resignation as an employee of FGH/Halter Marine (FGH) on March 24, 2000.  The payment was made in accordance with a deferred compensation plan undertaken by FGH while Almerico was an employee.  FGH filed for bankruptcy on April 19, 2001, ten months after the payment was made.

        Appellant Oakridge Consulting, Inc. (Oakridge), as liquidating trustee for FGH, contends that the $254,980.81 payment is recoverable from Almerico under 11 U.S.C. §547(b).  That statute provides for recovery of certain payments made more than 90 days but less than a year before a petition for bankruptcy protection is filed if the creditor to whom the payment is made, in this case Almerico, "at the time of [the payment] is an insider."  11 U.S.C. §157(b)(4)(B). Thus, the controlling issue of law, with respect to the right of recovery Oakridge asserts, is whether Almerico was an insider of FGH at the time this payment was made.

        The bankruptcy court ruled that the question of insider status was to be determined as of the date the payment was actually made, i.e. as of July 21, 2000.  Since Almerico no longer worked for FGH on that date, the bankruptcy court ruled that he was not an insider and that the payment was therefore not recoverable.

        Oakridge has appealed the bankruptcy court's ruling on the grounds that the determination of insider status should be made as of the date that the payment in question was "arranged" rather than the date the payment was actually made.

There are two lines of authority on this particular issue.  The bankruptcy court followed the "exact date" line of cases.  See e.g., In re Camp Rockhill, Inc., 12 B.R. 829, 834 (Bankr.E.D.Pa.1981).  The other line of cases consider insider status as of the time the arrangement for the payment is made.  See e.g., In re EECO, Inc., 138 B.R. 260 (Bankr.E.C.Cal.1992).

I have been able to find no Fifth Circuit authority concerning this issue.  The approach taken by the bankruptcy court is, however, consistent with the holding in Barnhill v. Johnson, 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).  The bankruptcy court's ruling is also consistent with the language of the statute itself.

Since the payment in question was part of a deferred compensation plan, I find that FGH did receive value, in the form of Almerico's services, in exchange for the payment.

Judge Louis Guirola has recently considered and affirmed two cases on substantially similar facts. Oakridge Consulting, Inc., et al. v. Rees, Civil Action No. 1:04cv714, and Oakridge Consulting, Inc., et al. v. Covington, Civil Action No. 1:04cv715.

Finding myself in agreement with the substance of the opinions written by Judge Guirola, I will likewise affirm the decision of the bankruptcy court.

Accordingly, it is

**ORDERED** and **ADJUDGED**

That the judgment and order of United States Bankruptcy Judge Edward R. Gaines, granting the motion of Vincent Almerico for summary judgment, is hereby **AFFIRMED**, and this appeal is hereby **DISMISSED**.

**SO ORDERED** this 14th day of February, 2006.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge